IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$16,328.00 IN UNITED STATES CURRENCY,

    Defendant.

_____

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***
_____

The United States of America, by and through United States Attorney John F. Walsh and Assistant United States Attorney Martha A. Paluch, pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), states:

JURISDICTION AND VENUE

1.    The United States of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881, seeking forfeiture of defendant property based upon violations of 21 U.S.C. § 801 et seq.  This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2.    Venue is proper under 21 U.S.C. § 881(j) and 28 U.S.C. § 1395, as the defendant property is located, and most of the acts described herein occurred, in the District of Colorado.

## DEFENDANT PROPERTY

3. Defendant property is more fully described as currency seized from Ian A. Mair on August 22, 2011, in the following amounts:

   a. $3,900.00 in United States currency seized from United States Postal Service Express Mail Package EG8596364618US (Parcel 1);

   b. $3,900.00 in United States currency seized from United States Postal Service Express Mail Package EG596364604US (Parcel 2);

   c. $8,528.00 in United States currency seized from the person and residence of Ian A. Mair.

The total amount seized was $16,328.00 and is collectively referred to herein as defendant Currency. Defendant Currency is currently being held by the United States Postal Inspection Service, Denver, Colorado.

## FACTUAL BASIS FOR FORFEITURE

Except as otherwise noted, all of the following facts and information have been discovered through my own investigation and observations, and the observations and investigations of fellow law enforcement officers as reported to me.

4. On August 16, 2011, United States Postal Service personnel at the Conifer, Colorado Post office, contacted Postal Inspectors regarding an Express Mail package that smelled of marijuana that had been mail from "Yahn," 11401 Marks Drive, Conifer, Colorado, to R. Gredwick, 378 Troy Del Way, Williamsville, New York 14221. The package weighed 5 pounds 11.2 ounces. The label was hand written and the Waiver of Signature block was indicated and signed by Ian A. Mair.

5.  A review of postal records identified additional packages that had been mailed with similar, or the same, address information.  All of the additional out-bound Express Mail packages were mailed by Mair and showed weights ranging from 2 pounds 13 ounces to 6 pounds 11 ounces.  In addition, five in-bound Express Mail packages were addressed to Mair with a return address of Danny Colville, 4243 Sowles Road, Hamburg, New York.  The weights on these in-bound packages ranged from 1 pound 1.5 ounces to 2 pounds 7.9 ounces.

6.  On August 17, 2011, Postal Inspectors placed a mail watch on Mair's address of 11401 Marks Drive, Conifer, Colorado.  Based on this watch, Postal Inspectors were notified by postal personnel at the Conifer, Colorado Post Office, that two Express Mail packages bearing Label Nos. EG596364618US (Parcel 1) and EG596364604US (Parcel 2) had arrived for delivery to 11401 Marks Drive, Conifer, and had the same profile of previous in-bound mailings from New York; specifically, 1) the labels were hand written rather than a pre-printed label as is customary with most legitimate businesses utilizing the Express Mail service, 2) the Zip Codes of Parcel 1 and Parcel 2 were different from the sender's Zip Code which is common for narcotics traffickers to mail parcels containing drugs and/or money from a different location than their residence to avoid detection, and 3) both packages contained a Waiver of Signature, so the parcel can be left at an address without the requirement of an individual to sign for the package, which is also common for drug traffickers.  Drug traffickers often use the United States Mail, specifically Express and Priority Mail, to transport controlled substances and proceeds of drug sales as they can easily track the parcels, control

3

dispatch times and locations, know that a delay could be an indication that the mailing may have been compromised by law enforcement, and have a guarantee of delivery in one or two business days.

7.      Postal Inspectors confirmed that Danny Colville of 4243 Sowles Road, Hamburg, New York, receives mail at this address.  Inspectors also confirmed that Ian Mair is the only person receiving mail at 11401 Marks Drive, Conifer, Colorado.

8.      On August 22, 2011, Postal Inspectors with the assistance of Aurora, Colorado, Police personnel conducted a dog sniff by certified K9 "Beertje" on Parcels 1 and 2.  Beertje alerted positively to both parcels, indicating the recent presence of controlled substance in or near these packages.

9.      Postal Inspectors and detectives from the West Metro Drug Task Force went to Mair's residence to deliver Parcels 1 and 2. While waiting for someone to open the door, one of the Inspectors was standing in a position where he could see through a window into the living room.   The Inspector saw two people in the living room, with one of them coming to the door.  The Inspector saw that the other individual was going down stairs from the living room.  Mair answered the door and responded that he was "Ian," and when he reached out to take the parcels, Inspectors identified themselves as federal agents.   The Inspectors told Mair that they needed to talk with him about what was inside the parcels.  Inspectors told Mair that they knew he was mailing marijuana to New York and that they knew he had marijuana grow in his house.  When asked if he had any paperwork from the State of Colorado for the marijuana grow, Mair stated "No."   When asked how many plants he had inside his home, Mair said he wasn't sure.   When asked

if he had more than 100 plants, Mair replied "it was hard to say."

10.     Inspectors then told Mair that his friend who was seen inside the house needed to come outside.  Mair told them he would bring him out.  One of the Inspectors followed Mair to a sliding glass door on the lower level.  As Mair opened the sliding glass door Inspectors saw metallic compressed gas canisters in the room and could smell fresh marijuana.  Mair stepped inside the room and immediately closed the sliding door and drew the blinds on the door.  Shortly thereafter, Mair came out the front door on the upper level and told the Inspectors there that his friend was "using the bathroom."  Mair was told his friend had to come out for safety reasons, and due to the possibility that he could destroy evidence.

11.     Mair then allowed the inspectors and detectives into the house and stated his friend's name was Felix.  Officers called out to Felix and received no answer.  Officers then conducted a safety sweep of the house to locate anyone inside the residence.  While conducting their safety sweep, Officers observed marijuana drying upstairs and marijuana plants growing in various stages in the lower level of the house.  Felix was not located within the residence.  In addition to Mair giving detectives his verbal consent to search the house, he also signed a written consent to search the residence.  Mair also signed a written Warning and Waiver of Rights and agreed to speak with Inspectors and signed a Voluntary Surrender form for Parcels 1 and 2.

12.     Mair indicated that Felix was helping him with the trimming of the marijuana, and that it took them three or four hours to process a pound of marijuana.  Mair said that he paid Felix with marijuana for his help.

13.	Mair went on to say that he originally was from Buffalo, New York, but had moved back to Colorado two years ago and had started growing marijuana then.  Mair said he had been shipping the marijuana to New York for about a year and that he was selling it for $3,900 per pound.  Mair admitted he sold the marijuana to one person named Danny C., an acquaintance from the Buffalo, New York area.  Mair said that about a year ago Danny C. contacted him by phone and asked if he could buy marijuana from him.  Mair agreed and said that he sends Danny C. the marijuana and then Danny C. sends him the money for the marijuana using Express Mail.

14.	Mair also said that Danny C. contacts him by phone or text, when he is ready for more marijuana and provides him with the address of where to send the marijuana.  Mair told inspectors that "Yahn" is an ancestral version of his name.  Mair said he always uses Express Mail to send Danny C. the marijuana.  Mair said he packages the marijuana in plastic food saver bags and puts it in the Express Mail Box, usually shipping a pound at a time, but may have sent two pounds on occasion.  Mair said he has only shipped marijuana to Danny C., always ships the marijuana from the Conifer, Colorado, Post Office, and that no one else has shipped the marijuana for him.

15.	During the interview, Mair's cell phone rang multiple times and Inspectors noticed that the name displayed on the phone was Danny C.

16.	Based on the Voluntary Surrender forms signed by Ian Mair, Postal Inspectors opened Parcel 1 and Parcel 2.  In each parcel was $3,900 of defendant Currency inside a Buffalo New York Magazine.

6

17.     Mair was arrested and transported by detectives for processing. Inspectors and detectives collected evidence and dismantled the illegal marijuana grow operation.  Over 13 pounds of marijuana plants and dried marijuana, 1.6 pounds of marijuana "bud," and suspected Hashish and marijuana concentrate was seized from Mair's home.  Inspectors located and seized defendant $148.00 from Mair's wallet, defendant $1,440.00 in currency in an open top dresser drawer in the master bedroom, and defendant $6,940.00 was found in a chef's hat in an open box on the floor.  The $6,940 amount was bundled in seven separate rubber-banded bundles.  Six of the bundles contained $1,000 each and the seventh bundle contained $940.00.

18.     Based on the foregoing, Ian Mair was charged in Jefferson County District Court criminal case number 2011CR2666 with marijuana cultivation and marijuana possession with intent to distribute.   Arraignment on these charges was originally set for February 6, 2012 and has been continued to March 19, 2012.

.     **VERIFICATION OF STEVEN HODGES, INSPECTOR**
**UNITED STAES POSTAL INSPECTION SERVICE**

I, Inspector, Steven Hodges, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true.

s/ *Steven Hodges*
Steven Hodges

STATE OF COLORADO )
CITY AND ) ss
COUNTY OF DENVER )

The foregoing was acknowledged before me this 10th day of February, 2012 by Steven Hodges, Inspector United States Postal Inspection Service.

s/ *Pamela S. Jebens*
Notary Public - Colorado

My Commission Expires: 3-19-2012

### FIRST CLAIM FOR RELIEF

19. The Plaintiff repeats and incorporates by reference the paragraphs above.

20. By the foregoing and other acts, defendant Currency constitutes money furnished or intended to be furnished in exchange for controlled substances, proceeds traceable to such an exchange, and money used or intended to be used to facilitate a violation of 21 U.S.C. § 801, et seq., and therefore, is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant property in favor of the United States, that the United States be authorized to dispose of the defendant property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED this 10th day of February, 2012.

        Respectfully submitted,

        JOHN F. WALSH
        United States Attorney

      By: s/ *Martha A. Paluch*
        Martha A. Paluch
        Assistant United States Attorney
        1225 Seventeenth Street, Ste. 700
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        E-mail: martha.paluch@usdoj.gov
        *Attorney for Plaintiff*